IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. FANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 C 2020 |
| ) | |
| COOK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff Robert J. Fanning, a former pre-trial detainee at the Cook County Department of Corrections ("CCDOC"), brings the present Amended Complaint alleging that Defendants, employees of CCDOC and Cook County, violated his right to due process under the Fourteenth Amendment. *See* 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Dismiss Fanning's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendants' motion.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint, not the merits of a case. *Triad Assocs., Inc. v. Chicago Hous. Auth.,* F.2d 583, 586 (7th Cir. 1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.,* 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957)). The Court assumes the truth of the facts

alleged in the pleadings, construes the allegations liberally, and views them in the light most favorable to the plaintiff. *Centers,* 398 F.3d at 333.

## BACKGROUND

Construing Fanning's pro se Amended Complaint liberally, *see United States v. Ogle,* 425 F.3d 471, 475 (7th Cir. 2005), Fanning alleges the following facts: On September 15, 2005, Fanning filed an Amended Complaint in this action claiming Defendants violated his due process rights under the Fourteenth Amendment. At that time, the Cook County Department of Corrections ("CCDOC") held Fanning in custody as a pre-trial detainee. (R. 22-1; Am. Compl. ¶ 1.) Fanning specifically alleges that the Cook County Jail was unsafe; had inadequate disease screening, food, cell space, mice control, heat, outdoor clothing, dental and medical care; was excessively noisy, and that CCDOC personnel conducted excessive body searches, among other complaints. (*Id.* ¶¶ 2-16.) Fanning seeks relief in the form of compensatory damages, punitive damages, and injunctive relief. (*Id.* at p. 6.)

Defendants move to dismiss Fanning's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on three grounds. Defendants first assert that Fanning has failed to exhaust his administrative remedies relying on Fanning's original Complaint as evidence of his failure to complete the CCDOC grievance process prior to filing this action.[1] Defendants also move to dismiss Fanning's Section 1983 individual capacity claim against Sheriff Sheahan

---

[1] Defendants reliance on Fanning's original Complaint and attachments to support their failure to exhaust argument is misplaced because Fanning's Amended Complaint supersedes his original Complaint and renders the original Complaint void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004); *see also Duda v. Board of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998) ("prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio.").

claiming that Fanning has failed to allege an affirmative link between Sheriff Sheahan and the alleged constitutional deprivations. Third, Defendants move to dismiss Fanning's claims against the Cook County Jail because the CCDOC is not a suable entity. The Court addresses each argument in turn.

## ANALYSIS

**I.     Failure to Exhaust Administrative Remedies**

Defendants contend that Fanning has failed to exhaust his administrative remedies before filing the present Section 1983 action in federal court. In his opposition to Defendants' motion, Fanning contends that he filed grievances to the "best of his abilities" prior to filing this lawsuit. (R. 44-1, Pl.'s Brief in Opp. at 4.) Fanning also states that he did not receive responses to several of his grievances before filing his original federal complaint. (*Id.* at 5.)

Although Section 1983 does not require administrative exhaustion, the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative remedies prior to filing a lawsuit in federal court. *Burrell v. Powers,* 431 F.3d 282, 284 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.,* 182 F.3d 532, 535 (7th Cir. 1999). Specifically, [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)). To satisfy the PLRA's exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). A prison official's failure to respond to a prisoner's grievance, however, may render administrative remedies unavailable. *Lewis v. Washington,* 300 F.3d 829, 835 (7th Cir. 2002)

3

(court refused to interpret PLRA to allow prison officials to exploit exhaustion requirement through indefinite delay in responding to grievances); *see also Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

Although Fanning states that he exhausted his administrative remedies to the best of his abilities – implicating that he did not complete the Cook County Jail's exhaustion requirements – he also contends that he did not received responses to some of his grievances. Under the circumstances, the Court cannot say, as a matter of law, that Fanning has failed to exhaust his administrative remedies. *See Lewis,* 300 F.3d at 835 (official's failure to respond to grievances makes administrative remedies unavailable). Accordingly, construing Fanning's pro se allegations liberally, the Court denies Defendants' Motion to Dismiss based on administrative exhaustion requirements. Under the circumstances, the question of Fanning's exhaustion is best challenged via a motion for judgment on the pleadings or summary judgment. *See, e.g.*, *Burrell,* 431 F.3d at 284.

## II.     Sheriff Sheahan  – Individual Capacity Claim

Next, Fanning alleges that Defendant Sheahan, Sheriff of Cook County, is liable both in his individual and official capacities under Section 1983 for violating Fanning's constitutional rights. Defendants argue that Fanning has not alleged a claim against Sheahan in his individual capacity.

For an individual to be liable under Section 1983, he must have participated directly in the alleged constitutional violation. *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). A Section 1983 individual capacity claim is "based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in

a constitutional deprivation." *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996). In other words, Fanning must establish that Defendant Sheahan "acquiesced in some demonstrable way in the alleged constitutional violation." *See Palmer v. Marion Cty.,* 327 F.3d 588, 594 (7th Cir. 2003).

Here, Defendants assert that Fanning's Section 1983 individual capacity claim against Sheahan must fail because Fanning did not allege an affirmative link between Sheahan and the alleged constitutional deprivations. The Court agrees. Supervising police officers satisfy the personal responsibility requirement if the conduct causing the constitutional violation occurred at the supervisor's direction or with his knowledge and consent. *Hildebrandt v. Illinois Dep't of Natural Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003) (citations and quotations omitted). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for Section 1983 recovery." *Id.*

In his Amended Complaint, Fanning alleges that various Cook County personnel failed to provide adequate heat, food, medical care, and that CCDOC personnel conducted excessive body searches, among other complaints. (*See* R. 22-1 Am. Compl. ¶¶ 2-16.) Nowhere in his Amended Complaint, however, does Fanning allege that Sheahan, in particular, knew, participated, or acquiesced in of any of these incidents. Because Fanning has failed to allege a causal connection or affirmative link between the incidents and Sheahan, the Court dismisses Fanning's claim against Sheahan in his individual capacity without prejudice.

## III. Cook County Department of Corrections as Defendant

Finally, Defendants contend that the Court should dismiss the CCDOC as a Defendant because it is a non-suable entity. Indeed, because the CCDOC does not enjoy a separate legal existence from Cook County it is not a suable entity. *Mayes v. Eirod,* 470 F.Supp. 1188, 1192

(N.D. Ill.1979); *Jackson v. Village of Rosemont,* 180 Ill.App.3d 932, 937-38, 129 Ill.Dec. 670, 536 N.E.2d 720, 723 (Ill.App.Ct. 1988). Therefore, the Court grants Defendants' Motion to Dismiss the CCDOC as a Defendant in this action.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss.

Dated: February 15, 2006

                               **ENTERED**

                               _____
                               **AMY J. ST. EVE**
                               **United States District Court Judge**